Good morning. Good morning. My name is Anne Trom. I represent Malcolm Dawson. I'm going to try to reserve two minutes for rebuttal, and I'll try to keep my eye on the clock for that. Could you speak up a bit? Can you hear me now? Is that better? Okay. Keep it up, because often when lawyers are reminded, then they let their voices drop again after a moment or two. I will try to do that. Mr. Dawson asserts that the district court erred in enhancing his bank robbery sentence for a threat of death enhancement because there was inadequate proof that his conduct resulted in a threat of death, and I think more critically in this case, on the record, there was no finding by the district court that his conduct resulted in a threat of death, which was the issue, the major issue at sentencing. This error turns on this court's decision in Jennings, which has two parts. One is legal and one is factual. The legal aspect of it is that Jennings held that when a bank robber makes a statement, I have a gun, that that statement standing alone can be legally sufficient to warrant a threat of death enhancement. And that's what Jennings resolved based on the earlier case law and its construction of the enhancement itself in the guidelines. But in Jennings, the court remanded, and the reason it remanded was for the second part of what is critical in Jennings, which is that the district court has to make a finding, a factual finding, that whatever statement was made, plus whatever additional conduct or other words there might have been made in the context that they were made, actually resulted in a threat of death to instill in a reasonable teller victim the threat of death. Well, it sort of has to be ordinary circumstances or something along those lines, right? It has to be ordinary circumstances. I have a gun. Under ordinary circumstances, it could be a threat of death, right? It could be, correct. But what is important in Jennings is that they actually remanded to the district court to make a finding whether in the circumstances of the case it was. What did the victim say that she felt? What did the victim say that she felt? The victim said that that's recorded in an interview that the probation officer had with the victim after the event, which she mentions at page 124 of the record. And in that interview, the probation officer said that the teller felt threatened, missed a day of work, and did avail herself of counseling offered by her work. In that specific, in the report of that interview, and I believe that the interview is also recounted at paragraph 11 of the PSR, the teller is not specifically asked about the gun again. Did she testify? No. No. Are you saying that's the only evidence of what she felt? Yes. She, so she didn't testify. And she wasn't, apparently in the interview, at least the recounting of the interview, she wasn't asked about the gun. She wasn't asked specifically about whether the threat rose to a fear of death, because obviously there's. I'm looking at the excerpt of the record 131. Yes. Where the court says, certainly or further, the statements of the victim have been consistent throughout. What does the court mean by throughout? If there was only one interview? There was, what we have from the victim is her signed statement, which the court is referring to as the government's exhibit one to the sentencing. Her, the incident report, which is a retelling, my understanding, a retelling of what she told the police who wrote down the incident report, because there's no other evidence that there was some other victim in this case. And then we have the probation officer's interview with the victim. So what the court is referring to as the victim's statements have been consistent throughout, what he's referring to is that in the incident report in her statement, she mentions that my client said that he had a gun. And so in one of, in her statement, she says it was spoken to her in the incident report. It says that it was actually in the note, although there's, and then there's no other evidence about the gun at all that's presented at the sentencing other than what those, the incident report and the statement. Well, you have, what in the lower court, there wasn't an objection, right? Everyone talked about Jennings. You know, what evidence is there that the defendant put on that this were unusual circumstances? The defendant did not put on any, any evidence that these were unusual circumstances, but we have this court statement in Allen that when there's an enhancement, it's not the defendant's burden to disprove that the enhancement applies. And defense counsel did say, I don't think, on page 126 of the record, she challenged the sufficiency of the proof. The sufficiency of what? She said, I don't think that what the government is putting on, basically these two statements, the incident report and the statement, is sufficient to warrant the enhancement. Which statement? There are two statements. Yes. One is that he had a gun, and the other, the implication was the teller felt this was a death threat. She didn't say, there's no evidence that she felt this was a death threat. Well, but. Just that she felt threatened. Any human being told that the person in front of them demanding money has a gun, that's a death threat. But under Jennings, you don't need an express threat of death, right? Yes. We concede. We concede that the district court actually did make a finding that he had a gun, and that under Jennings. That's sufficient. That can be sufficient, but the problem is that. Under ordinary circumstances. Correct. And so what is, what makes, what is, what do we have before us that makes this unusual circumstances? What's the problem here? I think the problem here is that the district court assumed as a matter of law that this was all that was required, that the statement, I have a gun, is all that is required. But the way that we read Jennings is that Jennings requires a finding that in context, this amounted to a threat of death. The court never talks about any other conduct. Never talks about threat. But the court made the finding. It's in so many words. Accordingly, the court finds that a two-level enhancement is appropriate for the threat under 2B3.1. That's an express finding, isn't it? Well, the court, this court explicitly, I think it's an express finding that the enhancement applies. I don't think it's a factual finding that what the defendant. Oh, he's saying I find that the two-level enhancement is appropriate. That's on ER 131, right in the middle of the page. Well, that is there. And I think that he found that the ‑‑ I think he did make the finding that the enhancement applies. I don't think he made the finding, which is required by Jennings, that the conduct in context amounted to a threat of death. Because Jennings doesn't say it always is going to be enough. Before that, he goes through the evidence. In the law, he says the Ninth Circuit says, you know, under ordinary circumstances it's sufficient just the fact that, you know, you have a weapon or say you have a weapon, that's sufficient for the enhancement, right? And he says there's evidence of that here, you know, about the note and so forth. The note was destroyed. And then he says, you know, we have a statement to the victim. And then he says, accordingly, the court finds that a two-level enhancement is appropriate. Correct. He says that. I guess what we view, what I view as the defect is that Jennings does not say that it automatically applies. It says that it can't. That's why he made the finding. He didn't say, well, you know, I'm bound by Jennings to automatically apply the increase. He didn't say that. But what he does, I think, is tantamount to that, which is that when I say that the person says, I have a gun, that that is automatically applies. And I don't think that Jennings actually says that. And that's why there was a remand in Jennings to make the judgment. I think I understand your point. But I think you're being pretty hard on the district judge there. On a reserve. Okay. Thank you. May it please the Court. My name is Camille Dam. I'm an assistant U.S. attorney from Las Vegas, Nevada, here representing the United States in this appeal. And I hope you will speak in a louder tone than you may normally speak. Is this loud enough, Your Honor? A little louder. A little louder? Yeah. That's better. Thank you. Well, I think, obviously, appellant says, well, we know that the Court knew about Jennings. Jennings was discussed there. And I think that appellant, I believe appellant is saying that the Court made an error of law, saying that having the statement of, you know, I have a gun, the Court was mistaken in reading Jennings, thinking that was sufficient in and of itself, and was required to make some additional finding. I guess that these were ordinary circumstances. I guess, number one, do you think that the Court misstated the holding of Jennings? Do you think that the Court or, you know, what findings, what does the Court specifically have to say with Jennings? Your Honor, the district court made the correct finding. Rule 32 was complied with strictly. The issue that was before the Court at the time of sentencing was whether or not the defendant made the threat. There was no objection raised that the threat did not constitute sufficient to instill a fear of death in a reasonable victim. That was not raised nor addressed. No unusual circumstances were discussed. So are you saying this is a plain error review then? Even if it was error, is it a plain error review? Yes, it would be. Because the objections, and if you, the objections in the record are, the excerpt of record page 96 and 97, page 126 and page 130, and in each of those points where counsel objects, it's the sufficiency of whether the proof of whether the statement was made is what was being argued to the district court. Not whether it satisfies the next level. Exactly, Your Honor. And additionally, under Jennings, there's no question that the statement does satisfy the evidence needed to instill a threat of death in an ordinary reasonable teller. Absent some type of circumstance, extraordinary circumstance that would deprive the words, I have a gun, of their ordinary and expected meaning. And there was absolutely no evidence of exceptional circumstances. In fact, the defendant in this case admitted he doesn't even recall what happened in the bank. So he is unable to provide that had that been an issue that he had raised. You don't take the position in your brief, do you, that this is a plain error case? I did not, Your Honor. The brief. You've gotten a lot of support from the court. I don't know how much more you need to add. I have gotten a lot of support. I think the district court complied with his obligations in this case. I think justice was served. I don't think there's any inequity on this record. And if the court doesn't have any questions for me. Let me ask you a comment on one point. Your opponent said, Mr. Traum, you know, she she says sort of the whole flavor of the way. Who was the judge? Judge Dawson. Dawson approached this was that he was bound by Jennings to apply the enhancement because this is the kind of fact pattern that fits into Jennings. And so he really although he's, you know, made that sort of conclusive finding. He didn't really make a finding. What's your response to that? I disagree with that, Your Honor. The judge clearly made a made findings express findings, as Your Honor has already cited to the excerpt of record on page 131, beginning at line three. And he first makes the express finding that certainly the statement was made. Then he talks about the statement being consistent in the teller's signed statement in the incident report. And he says that he finds the enhancement is appropriate. He also went on to discuss at length a motion for a downward departure, and he denied that. But it was clear that the judge was exercising his judgment here. He did not feel bound in any way. He said the enhancement is appropriate under these circumstances, and that finding is sufficient. All right. Thank you. I'll be very brief. Just on the objection issue, I wanted to tell the Court that the way that this case was ‑‑ Jennings was decided on March 2, 2006, and this sentencing was on March 17. So Jennings was brand new. And if you look at the PSR, the ‑‑ in the context before sentencing, the probation office had recommended that he be enhanced for possession of a gun. So that's how it was objected to. Defense counsel on page 27 and 28 of the record says we're objecting to possession and brandishing a gun. Then at sentencing only does Jennings come up, and the Court rejects the possession, but then imposes this enhancement. And defense counsel did object to the adequacy of the enhancement. So I think the Court fully understands my position. We would just ask for a remand based on the lack of findings. Thank you very much for your time. Thank you both for your argument. This matter will stand submitted. United States of America v. Dion Joseph, case number 0610270. Submitted on the briefs and will be submitted as of this date. United States of America v. Wade Vincent Chang, case number 0615354. That matter has been submitted on the briefs and will stand submitted as of this date. Kelly Lee Turner v. E.K. McDaniel, case number 0615405. Thank you.
judges: Tashima, Callahan, Schiavelli